PC:MW
F.#2009R02253

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC 09 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

  - against -

DOMINGO SALAZAR and
NORMA MENDEZ,

           Defendants.

- - - - - - - - - - - - - - - -X

I N D I C T M E N T

CR 09 - 831

(T. 8, U.S.C., §§
1324(a)(1)(A)(iii),
1324(a)(1)(A)(iv),
1324(a)(1)(B)(i),
1324(a)(2)(B)(ii),
1324(d) and 1328; T. 18,
U.S.C., §§ 981(a)(1)(C),
982(a)(6), 1591(a)(1),
1591(a)(2), 1591(b)(1),
1591(b)(2), 1594(c),
1594(d), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

GLEESON, J.
POLLAK, M.

THE GRAND JURY CHARGES:

COUNT ONE
(Sex Trafficking Conspiracy)

1.  On or about and between April 1, 2008 and November 25, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DOMINGO SALAZAR and NORMA MENDEZ, together with others, did knowingly and intentionally conspire to recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe, whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and to benefit financially from participation in a venture engaged in such acts, knowing and in reckless disregard of the fact that: (1) means of force, threats of force, fraud and coercion, as described in

Title 18, United States Code, Section 1591(e)(2), and a combination of such means, would be used to cause Jane Doe to engage in a commercial sex act, and (2) Jane Doe had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(c) and 3551 et seq.)

## COUNT TWO
(Sex Trafficking)

2.   On or about and between April 1, 2008 and November 25, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DOMINGO SALAZAR and NORMA MENDEZ, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe, whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and benefit financially from participation in a venture engaged in such acts, knowing and in reckless disregard of the fact that: (1) means of force, threats of force, fraud and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and a combination of such means, would be used to cause Jane Doe to engage in a commercial sex

act, and (2) Jane Doe had not attained the age of 18 years and would be caused to engage in a commercial sex act.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 2 and 3551 et seq.)

## COUNT THREE
(Alien Smuggling for Financial Gain)

3. On or about and between April 1, 2008 and November 25, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DOMINGO SALAZAR, together with others, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe, whose identity is known to the Grand Jury, had not received prior official authorization to come to, enter or reside in the United States, did knowingly and intentionally bring and attempt to bring to the United States Jane Doe, for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOUR
(Importation and Harboring of
an Alien for Immoral Purposes)

4. On or about and between April 1, 2008 and November 25, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DOMINGO SALAZAR and NORMA MENDEZ, together with others, did knowingly and intentionally: (1) import, directly and indirectly,

into the United States an alien, to wit: Jane Doe, whose identity is known to the Grand Jury, for the purpose of prostitution, (2) hold and attempt to hold Jane Doe for such purpose, in pursuance of such illegal importation, and (3) keep, maintain, control, employ and harbor Jane Doe in a house and other places, for the purpose of prostitution, in pursuance of such illegal importation.

(Title 8, United States Code, Section 1328; Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FIVE
(Concealment and Harboring of an
Alien for Financial Gain)

5.  On or about and between April 1, 2008 and November 25, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DOMINGO SALAZAR and NORMA MENDEZ, knowing and in reckless disregard of the fact that an alien, to wit: Jane Doe, whose identity is known to the Grand Jury, had come to, entered and remained in the United States in violation of law, did knowingly and intentionally conceal, harbor and shield from detection, and attempt to conceal, harbor and shield from detection, such alien in a place, to wit: buildings, apartments and means of

transportation, for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i); Title 18, United States Code, Sections 3551 et seq.)

### COUNT SIX
(Inducement of an Alien to Illegally Enter and Reside in the United States For Financial Gain)

6. On or about and between April 1, 2008 and November 25, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DOMINGO SALAZAR and NORMA MENDEZ did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe, whose identity is known to the Grand Jury, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of commercial advantage and private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i); Title 18, United States Code, Sections 3551 et seq.)

### COUNT SEVEN
(Illegal Re-Entry)

7. On or about and between April 1, 2008 and November 25, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DOMINGO SALAZAR, an alien who had previously been deported from the

United States, did knowingly and intentionally enter and was found in the United States, without the Secretary of the United States Department of Homeland Security having expressly consented to such alien's applying for admission.

(Title 8, United States Code, Section 1326(a); Title 18, United States Code, Sections 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

8.  The United States hereby gives notice to the defendants charged in Counts One and Two that, upon their conviction of any such offense, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Sections 981(a)(1)(C) and 1594(d), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 1594(d), which requires any person convicted of such offenses to forfeit such person's interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses.

9.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited

with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 981(a)(1)(C) and 1594(d); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT THREE

10. The United States hereby gives notice to the defendant charged in Count Three that, upon his conviction of such offense, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offense; (b) Title 18, United States Code, Section 982(a)(6), Title 8, United

States Code, Section 1324(b), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, that constitutes or is derived from or is traceable to the gross proceeds obtained directly or indirectly from the commission of the offense; and (c) Title 18, United States Code, Section 982(a)(6), which requires any person convicted of such offense to forfeit any property that was used to facilitate or intended to be used to facilitate, the commission of the offense.

    11.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(6); Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT FOUR

12. The United States hereby gives notice to the defendants charged in Count Four that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

 (a) cannot be located upon the exercise of due diligence;

 (b) has been transferred or sold to, or deposited with, a third party;

 (c) has been placed beyond the jurisdiction of the court;

 (d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS FIVE AND SIX

14. The United States hereby gives notice to the defendants charged in Counts Five and Six that, upon their conviction of any such offense, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offense; (b) Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, that constitutes or is derived from or is traceable to the gross proceeds obtained directly or indirectly

from the commission of the offense; and (c) Title 18, United States Code, Section 982(a)(6), which requires any person convicted of such offense to forfeit any property that was used to facilitate or intended to be used to facilitate, the commission of the offense.

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(6); Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN ──── District of ── NEW YORK

──── CRIMINAL ──────── Division

## THE UNITED STATES OF AMERICA

vs.

DOMINGO SALAZAR and NORMA MENDEZ,

Defendants.

## INDICTMENT

(T. 8, U.S.C., §§ 1324(a)(1)(A)(iii),
1324(a)(1)(A)(iv), 1324(a)(1)(B)(i),
1324(a)(2)(B)(ii), 1326(a) and 1328;
T. 18, U.S.C., §§ 981(a)(1)(C),
982(a)(6), 1591(a)(1), 1591(a)(2),
1591(b)(1), 1594(b)(2), 1594(c)).

A true bill.

_____
Foreman

Filed in open court this _____

of ── Dec ── A.D. 19 2009 ── day.

Bail, $ _____

_____
Clerk

PAMELA CHEN, Assistant U.S. Attorney
(718) 254-7575